UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HARVARD BUSINESS SCHOOL PUBLISHING CORPORATION, JOHN WILEY & SONS, INC., and UNIVERSITY OF CHICAGO,<br><br>Plaintiffs,<br><br>v.<br><br>INSTITUTE FOR THE STUDY OF COHERENCE AND EMERGENCE, INC., and MICHAEL R. LISSACK,<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

This is an action for infringement of plaintiffs' copyrights. Plaintiffs complain of defendants as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a), because this action arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act").

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a), because defendants may be found here and because the injuries suffered by one of the plaintiffs have occurred in this district.

### PARTIES

3. Plaintiff Harvard Business School Publishing Corporation ("HBSP") is a non-

profit corporation engaged in the publishing of books on business management and leadership. HBSP has its principal place of business at 300 North Beacon Street, Watertown, MA 02472.

4. Plaintiff John Wiley & Sons, Inc. is a New York corporation having its principal place of business at 111 River Street, Hoboken, New Jersey 07030. It is engaged in the business of publishing books and journals in a variety of scientific, technical, and professional disciplines.

5. Plaintiff University of Chicago is an Illinois charitable corporation having its principal place of business at 5801 South Ellis Avenue, Chicago, Illinois 60637. Through its department University of Chicago Press it publishes books and journals in many academic and cultural disciplines. It is referred to in this Complaint as "University of Chicago Press."

6. Defendant Institute for the Study of Coherence and Emergence, Inc. ("ISCE") is a non-profit organization incorporated under the laws of the Commonwealth of Massachusetts. It has its principal office at 14 Stratford Road, Marblehead, Massachusetts 01945, and its agent for service of process is one Kenneth B. Lissack, located at that same address. It has a place of business at 2338 Immokalee Rd., Naples FL 34110.

7. Defendant Michael R. Lissack ("Lissack") is the President and Executive Director of defendant ISCE. He is a resident of Florida. Plaintiffs are informed and believe that he has a residential address at 2855 Tiburon Blvd E, Naples, Florida 34109.

## FACTS

8. Each plaintiff is the publisher of the book or books listed next to its name on Schedule A. Each book so listed has been registered in the United States Copyright Office, with the registration number(s) (each beginning with "TX") shown in the fourth column on Exhibit A. Under Section 106 the Copyright Law of the United States, 17 U.S.C. §106, and by agreements with the respective authors or other copyright owners of these books, each plaintiff has the

exclusive right to reproduce copies of these books, to engage in the public display of their contents, and to distribute copies.

9. Defendant ISCE is a membership organization. It offers several categories of membership. (See printouts attached as Exhibit B.) "Affiliated Members" are persons who belong to societies that have affiliations with ISCE; they pay a membership fee of $100 per year. For $250 per year, institutions such as libraries may obtain access for all of their constituents, although only one individual may have access at any given time. "Premium" membership costs $250 per year and is recommended for individual researchers. ISCE also offers "Student" memberships for $100 per year and "Sponsor" memberships for $1,250 per year, of which is $1,000 is said to be tax-deductible.

10. ISCE maintains a website at the internet address www.isce.edu. On that website it posts information on various topics, and maintains its so-called "Library."

11. Access to ISCE's "Library" is advertised on the membership sign-up page (Exhibit B) as a key benefit of membership. For example, the full heading for Premium membership says, **"Premium membership (includes Library access and subscription to E:CO)"** (bold in original). In short, ISCE is engaged in providing access to its "Library" for a fee.

12. As the founder of ISCE, defendant Lissack established and oversees ISCE's programs and activities, including the "Library." He has at all times had the right and ability to control ISCE's activities and operations, including the "Library."

13. The "Library" has no bricks-and-mortar existence. It consists solely of digital copies of entire books, stored on servers owned or leased by ISCE. Once an ISCE member has logged onto the ISCE website, he or she can open any of the digital files containing these copies, and read the contents at leisure. A member may read a given book for up to two hours at a time.

14. A member may also use a "select text" tool to copy up to an entire page at a time and paste it into a word processing or other file on his or her own computer, and there is no limit to the number of pages that a member can reproduce in this manner. Once text has been reproduced in this manner, there is no effective control over its further reproduction and distribution.

15. More than one thousand books are included in ISCE's online Library. A few are written by Lissack, and/or published by ISCE itself, but nearly all books in the Library are published by third party publishers, either non-profit or commercial.

16. The Library contains complete copies of more than 50 books published by plaintiffs, including all those listed on Exhibit A and various other titles published by plaintiffs that have not yet been registered with the Copyright Office.

On the basis of the foregoing, plaintiffs allege the following causes of action:

## COUNTS 1 – 52

17. Exhibit A lists 52 copyrighted works, each published by one of the plaintiffs, which are the subject of this action. The infringement of each book listed on Exhibit A constitutes a separate Count in this Complaint.

18. In order to make plaintiffs' books available to its members, ISCE has created a digital reproduction of each book.

19. Each time an ISCE member reads any of those books at the ISCE website, ISCE is engaged in a public display of the book.

20. Each time an ISCE member cuts and pastes content from any of those books at the ISCE website, ISCE is engaged in an unauthorized distribution of the book's contents.

21. At no time did any of the plaintiffs authorize Lissack or ISCE to reproduce,

display or distribute any of these books or their contents.

22. Defendants' unauthorized reproduction, display and distribution of plaintiffs' books have infringed, and continue to infringe, plaintiffs' exclusive rights under 17 U.S.C. §§106(1), 106(5), and 106(3) respectively.

23. Defendants' infringement has at all times been willful, undertaken with intentional disregard for plaintiffs' rights under copyright law.

24. Plaintiffs have suffered substantial monetary harm from defendants' unauthorized conduct.

25. Plaintiffs will continue to suffer monetary harm if defendants are permitted to continue their infringing activities. In addition, if defendants are permitted to continue copying, displaying, and distributing material from plaintiffs' copyrighted publications, plaintiffs will suffer ongoing irreparable injury that cannot be quantified in money damages.

26. ISCE is liable for direct infringement of plaintiffs' copyrights, because it has directly engaged in the reproduction, display, and distribution of plaintiffs' books.

27. The exact extent of defendant Lissack's personal involvement in the acts of infringement described above is at present unknown. However, he is at the very least liable as a contributory infringer because he established and oversees defendant ISCE's programs and activities, including the Library. He is also liable as a vicarious infringer if he receives any salary or benefits from ISCE, because he has the right and ability to control ISCE's infringing activities and the income generated by those activities is a substantial source of ISCE's operating funds.

**WHEREFORE PLAINTIFFS PRAY THAT THIS HONORABLE COURT:**

A. Issue a preliminary order enjoining defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert with them or participation with them, from all

further reproduction, display and distribution of any contents of any book published by any of the plaintiffs, during the pendency of this litigation;

B. Issue an order permanently enjoining defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert with them or participation with them, from all further reproduction, display and distribution of any contents of any book published by any of the plaintiffs;

C. Award plaintiffs all of their direct and consequential damages arising from defendant's willful infringement of copyright, whether direct, contributory or vicarious;

D. Award plaintiffs an accounting of defendant's profits from such infringement;

E. In lieu of the relief sought in C and D, at plaintiffs' election, award plaintiffs statutory damages for such infringement in the maximum amount permitted by law;

F. Award plaintiffs their reasonable attorneys' fees and costs, as provided in 17 U.S.C. §505, and interest as provided by law; and

G. Award plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted,

HARVARD BUSINESS SCHOOL
   PUBLSHING CORPORATION,
JOHN WILEY & SONS, INC., and
UNIVERSITY OF CHICAGO,

Date: June 17, 2013

By their attorneys,

/s/ William S. Strong
William S. Strong, Esq. BBO #483520
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
Tel: 617-227-7031
Fax: 617-367-2988
strong@kcslegal.com