## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARVARD BUSINESS SCHOOL PUBLISHING :
CORPORATION, JOHN WILEY & SONS, INC.,
and UNIVERSITY OF CHICAGO, :

        Plaintiffs, :

     Civil Action No. 1:13-CV-11450-GAO

    - against -   :

     **JURY TRIAL DEMANDED**

INSTITUTE FOR THE STUDY OF  :
COHERENCE AND EMERGENCE, INC., and
MICHAEL R. LISSACK,   :

        Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>AMENDED ANSWER AND COUNTERCLAIMS</u>

   Defendants INSTITUTE FOR THE STUDY OF COHERENCE AND EMERGENCE,

INC. ("ISCE") and MICHAEL R. LISSACK ("Lissack"), collectively referred to herein as

"Defendants", answer the Complaint herein as follows:

   1.  For the purposes of this litigation only, Defendants admit that this Court has

jurisdiction under 28 U.S.C. § 1338(a).

   2.  For the purposes of this litigation only, Defendants admit that venue is proper in

the United States District Court for the District of Massachusetts.

   3.  Defendants are without knowledge or information sufficient to admit or deny the

allegations of paragraph 3.

   4.  Defendants are without knowledge or information sufficient to admit or deny the

allegations of paragraph 4.

   5.  Defendants are without knowledge or information sufficient to admit or deny the

allegations of paragraph 5.

6.      Defendants deny that ISCE's "principal office" is in Marblehead, Massachusetts, but otherwise admit the allegations of paragraph 6.

7.      Admitted.

8.      Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 8.

9.      Admitted.

10.     Defendants admit the allegations of paragraph 10, but  object to the characterization of ISCE's library as "so-called", object to the quotation marks around "Library" throughout the Complaint  and aver that it is a library enjoying the privileges of 17 U.S.C. § 108.

11.     Defendants admit the allegations of paragraph 11, but object to any suggestion that ISCE's membership fee is primarily for access to its library or fully covers the costs of the library.

12.     Admitted.

13.     Denied.

14.     Denied.

15.     Admitted.

16.     Denied.

17.     Defendants admit that Exhibit A lists 52 titles, but otherwise deny the allegations of paragraph 17.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

**The Complaint's Prayer for Relief**

Defendants deny that plaintiffs or any one of them are entitled to any of the relief sought in their prayer for relief against Defendants.  Neither defendant has in any way infringed – directly, secondarily, vicariously, willfully or otherwise – any of the asserted copyrights.  None of plaintiffs is entitled to recover damages, injunctive relief, costs, fees, interest or any type of recovery from either defendant.  Therefore, plaintiffs' prayer should be denied in its entirety and with prejudice.

**AFFIRMATIVE DEFENSES**

Further answering the Complaint, Defendants assert the following defenses without assuming any burden that it would not otherwise have.  Defendants reserve the right to amend their Answer with additional defenses as additional information is obtained.

**First Affirmative Defense**

1.     One or more or the combination of one or more of the complained-of acts was and is privileged or otherwise not covered by the asserted exclusive rights according  to 17 U.S.C. § 107 (Fair Use).

**Second Affirmative Defense**

2.      One or more or the combination of one or more of the complained-of acts was and is privileged or otherwise not covered by the asserted exclusive rights according  to 17 U.S.C. § 108 (Library Use).

**Third Affirmative Defense**

3.      One or more or the combination of one or more of the complained-of acts was and is privileged or otherwise not covered by the asserted exclusive rights according  to 17 U.S.C. § 109 (First Sale) and the federal common law of intellectual property exhaustion.

**Fourth Affirmative Defense**

4.      One or more or the combination of one or more of the complained-of acts was and is privileged or otherwise not covered by the asserted exclusive rights according  to 17 U.S.C. § 110 (Exemption of Certain Displays).

**Fifth Affirmative Defense**

5.      One or more of the plaintiffs was and is disabled from enforcing its asserted rights herein under the doctrine of federal intellectual property misuse.

**Sixth Affirmative Defense**

6.      One or more of the plaintiffs was and is disabled from enforcing its asserted rights herein under the doctrine of unclean hands.

**Seventh Affirmative Defense**

7.      None of the plaintiffs has suffered or will suffer any irreparable injury as a result of any of Defendants' actions.

8.      The remedies available at law are adequate to compensate for any alleged injury that may have been caused by any of Defendants' actions.

9.      The balance of hardships in no way favors any injunction against Defendants or either of them.

10.     Public interest disfavors any injunction against Defendants or either of them.

11.     Even if the plaintiffs were not barred by their misuse or unclean hands, none of them can meet the requirements for any injunction and therefore none of them is entitled to any injunction.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE,  Defendants pray for the following relief:

A.  That the plaintiffs take nothing by their Complaint, and that the Court dismiss their Complaint with prejudice and enter judgment in Defendants' favor;

B.  That the Court enter a judgment  pursuant to 17 U.S.C. § 505 awarding Defendants their costs and reasonable attorneys' fees, together with interest, including prejudgment interest, thereon; and

C.  That the Court grant such other and further relief as it may deem just and appropriate.

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendants hereby demand a jury trial on all issues so triable.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

To maintain their subject-matter-specialized research library of books that they lawfully purchased from multiple publishers, searchable by their proprietary "similarity" ("more like this") engine, and to offer and extend this capability  to other subject-matter-specialized libraries, Counterclaim-plaintiffs INSTITUTE FOR THE STUDY OF COHERENCE AND

EMERGENCE, INC. and MICHAEL R. LISSACK, collectively referred to herein as

"Counterclaim-Plaintiffs", allege against counterclaim-defendants HARVARD BUSINESS

SCHOOL PUBLISHING CORPORATION, JOHN WILEY & SONS, INC., and UNIVERSITY

OF CHICAGO, collectively referred to herein as "Counterclaim-Defendants" as follows:

1.      All conditions precedent to these Counterclaims have occurred or have been

performed.

**The Parties**

2.      Counterclaim-Plaintiff INSTITUTE FOR THE STUDY OF COHERENCE AND

EMERGENCE, INC. ("ISCE") is a Massachusetts federal Internal Revenue Code § 501(c)(3)

nonprofit corporation, with a principal office in Massachusetts.  ISCE was organized on July 28,

1999 to facilitate the conversation between academics and business people regarding social

complexity theory, particularly implications for the management of organizations.  To support

this aim, ISCE organizes a variety of events, sponsors the international trans-disciplinary journal,

*Emergence: Complexity and Organizations* ("*E:CO*"), supports an ongoing book series and

conducts research, including through ISCE Fellows and, as most relevant here, the development

and use of a unique search engine that facilitates research and scholarship by finding within a

subject-matter-specialized digital library books "relevant" or "similar" (simplistically, "more like

this") to a 50-10,000-word exposition search entry exemplifying what is sought.

3.      Counterclaim-plaintiff MICHAEL R. LISSACK ("Lissack") is a founder,

executive director and president of ISCE, having his primary residence at 2855 Tiburon Blvd E,

Naples, Florida, from which he operates ISCE.  Lissack earned an M.B.A. from the Yale School

of Management and an advanced, academic D.B.A. from the Henley Management College (now

part of the University of Reading, U.K.)  and has continued to conduct research in the

intersection of philosophy, science and management theory while working in philanthropy and Internet enterprises, himself developing new computer methods for sifting through digitized information and finding similarities amidst complexity.

4.      Upon information and belief, counterclaim-defendant HARVARD BUSINESS SCHOOL PUBLISHING CORPORATION ("HBS Publishing") is a Massachusetts corporation and does business in Massachusetts.

5.      Upon information and belief, counterclaim-defendant JOHN WILEY & SONS, INC. ("Wiley") is a New York corporation and does business in Massachusetts.

6.      Upon information and belief, counterclaim-defendant UNIVERSITY OF CHICAGO ("U. of C.") is an Illinois corporation and does business in Massachusetts, among other things, selling its books through Wiley's distribution contacts and channels in Massachusetts.

7.      This is an action for a declaration of non-infringement, by various acts and practices of Counterclaim-Plaintiffs in the conduct of ISCE's mission, of the copyrights asserted by Counterclaim-Defendants in their Complaint. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

**Jurisdiction**

8.      Counterclaim-Defendants are subject to personal jurisdiction in this District for at least the reasons that they conduct business in Massachusetts and filed their Complaint in this Court.

9.      An actual case and controversy exists between Counterclaim-Plaintiffs and Counterclaim-Defendants and each of them based on Counterclaim-Defendants having filed the Complaint herein alleging infringement of copyrights, and that controversy is ripe for

adjudication by this Court.

## Background Facts

10.    ISCE's library of currently roughly 1,200 books related to its academic and professional mission in the research of philosophy of science and management ("ISCE Library"), use of which has been challenged as copyright infringement by Counterclaim-Defendants' Complaint, was originally and lawfully purchased in hard copy.  A core subset of about 1,000 volumes  had been housed in the physical library of Lissack's home where he held meetings of the ISCE.  Members of the society were free to borrow and take books out of the library and off premises.

11.    Because of Lissack's relocation to a smaller house that could not accommodate a library of 1,000 volumes and Lissack's concurrent idea that the digital text search concepts for which he had previously sought a patent (U.S. Application Publication No. 20070185860, subsequently abandoned) could be extended innovatively to advance greatly research capabilities within ISCE's specialized library and others, Lissack had the books that ISCE owned scanned and digitized, with the original paper copies destroyed.   (Where Lissack or ISCE desired to keep hard copy, additional volumes were purchased.)  The ISCE Library's physical location – premises – are at servers operated by Amazon Web Services ("AWS"), in effect leased to ISCE.[1]

12.    Using this data base of digitized books of common, specialized subject matter (and different publishers), Lissack refined the similarity search engine that is currently used with the ISCE Library (also called "EPI-Search"). Thus, at the "EPI-SEARCH" page of the ISCE Library interface, http://isce-library.net/epi.aspx, in order to "[i]dentify related information sources," a researcher may "[e]nter notes or a draft document [or the full text of a source that is

---

[1] ISCE and its library are not for profit.  The membership dues and other fees, for example, for temporary or institutional privileges, do not result in any operational surplus, much less cover acquisition costs.

representative of the topic of interest, minimum 50 words, maximum of 100Kb,] in the search

box.  The results display related sources from [the ISCE Library] and the Web."  The EPI-Search

engine serves and extends the function of a reference librarian to direct researchers to related

sources within a relatively large library of specialized books of different publishers of which no

human reference librarian could command knowledge at the passage level.  The EPI-Search

facility also uses third-party semantic processing tools to extract concepts for "keyword"

searching on the Web, where full text is not (yet) available for Lissack's similarity search..

Other research libraries (at prominent universities) and publishers have expressed interest in

Lissack's search engine to make sense of large volumes of complex information that are not

manageable by the common  keyword  searches (often filtered by popularity) – to find in large,

but specialized libraries books with treatments of ideas similar or relevant to a detailed statement

of a topic to be researched.

13.     To maintain and advance the education and research mission of ISCE, Lissack

and the ISCE have established the ISCE Library at AWS as a unique subject-matter-specific

digital research library is password-accessible by members (and other scholars who may be

granted access privileges) over the Internet and in which the unique EPI-Search engine acts as a

reference librarian in directing the researcher to additional sources within the library (and on the

Web).  Once a source is identified within the ISCE Library, the member or licensee may access

the full text of a document (book, including copyright notices) by browsing two pages at a time[2]

or by keyword-searching the full text, returning a list of pages with "hits", and then selecting an

image of a page with the keywords highlighted by the user's search.  To simulate a physical

---

[2] Unlike commercial e-book readers, the pages are not optimized for display so that they are more practically viewed
one page at a time for reading.  Also, unlike e-books that are downloaded in their entirety for reading of the entire
work at the user's convenience, ISCE Library access is two pages at a time selected by the user during the two-hour
borrowing period when no one else has checked out the book.

research library as closely as possible, the full text of a book may be accessed by only one
researcher at a time and only "checked out" for the "reserve" period of two hours (after which it
is automatically checked back in).

14.     As the ISCE Library is intended to support research and scholarship, to facilitate
the writing of research and scholarly papers, it has the functionality of allowing limited quotation
of text by a text selection tool that allows the researcher to highlight text on a page (line by line,
one page at a time) and copy one highlighted portion at a time to the computer operating system
clipboard (typically for quotation in  a paper).[3]  The tool captures artifacts such as marginal notes
and line numbers which typically need to be edited out manually.  Such clipped text may be used
for further EPI-Searches, but it is impractical for a  researcher to so copy an entire book.

15.     The ISCE Library is the closest possible digital analogue to a traditional
specialized research library – providing temporary and controlled access one borrower at a time
to lawfully-purchased copies of works maintained at the library's leased physical premises at
AWS – and with a unique digital reference librarian.  Full-text digitization and search across the
specialized library is required for this operation.  The ISCE Library in no way competes with
Counterclaim-Defendants.  The users of the ISCE Library are researchers, typically graduate
students, seeking relevant scholarly sources and relevant portions of text within those sources.[4]
Unlike in the trade book market – or even the educational book market –  where entire volumes
are read by many people and where there is current rapid evolution of e-book lending practices,
users of academic research libraries like the ISCE Library search for, read and synthesize similar
(or contrasting) precise, if often fragmented, expositions at a granularity typically much finer
than an entire book.  Academic research library users value the ability to find similarity among

---

[3] By comparison, in physical libraries, readers often may use specialized book scanners or smart phone cameras and
software to capture text more easily.

[4] The ISCE website duly prohibits commercial use.

and connect scholarly sources of multiple publishers – something that Counterclaim-Defendants do not offer, but Counterclaim-Plaintiffs do, using lawfully-purchased books and their innovative EPI-Search technology.

16.     Without any prior demand to Counterclaim-Plaintiffs, on April 30, 2013, two of the Counterclaim-Defendants, Wiley and U. of C., joined with the Massachusetts Institute of Technology and the President and Fellows of Harvard College to bring an action essentially on the same facts and law (but different works) asserted in the Complaint here.  *Massachusetts Institute of Technology v. Institute for the Study of Coherence and Emergence, Inc.*, Civ. No. 1:13-cv-1160-WGY, Doc. No. 1 (D. Mass. Apr. 30, 2013).  Prior to service, that set of plaintiffs voluntarily dismissed on June 14, 2013, *id.* Doc. No. 7, and the two local universities did not join the instant suit, apparently thinking better of what would serve the public interest and their own compared to the total lack of injury inflicted or threatened by the establishment of Counterclaim-Plaintiffs' prototypical digital specialized research library in the ISCE Library with EPI-Search.

17.     To advance their specific mission of facilitating conversation and research in complexity and their more general mission of providing research capabilities in specialized fields across multiple publishers – while maintaining respect for traditional notions of copyright, copy ownership and library use – Counterclaim-Plaintiffs make the following counterclaims for declaration of specific rights and privileges to advance those missions in face of the Complaint (reserving the right to amend as additional information is obtained):

### Counterclaim Count I

18.     Counterclaim-Plaintiffs incorporate and re-allege the allegations of paragraphs 1-17 of these Counterclaims.

19.     Counterclaim-Plaintiffs are privileged to substitute digital copies for their

lawfully-purchased hard copies to move their lawfully-acquired copies to the more appropriate

AWS server premises for at least the library uses provided under 17 U.S.C. § 108.

20.     Counterclaim-Plaintiffs' digitization of lawfully purchased hard copy books for

the ISCE Library data base is fair use for at least the following 17 U.S.C. § 107 considerations:

(a) the use is transformative in creating a subject-matter-specialized library that can be searched

in a new and particularly useful way across publishers with the EPI-Search engine, advancing

scholarly research; (b) the nature of the works is non-dramatic and scholarly such that the works

are factual and the ultimate research use tends to be limited to portions of the works; (c) the

amount of the works used was necessary to support the search and research use; (d) any effects

of the use on Counterclaim-Defendants' markets would be favorable to Counterclaim-

Defendants who do not offer inter-book and inter-publisher similarity-searchable text or any

reasonable substitute, while EPI-Search identifies relevant books that the researcher may

purchase through publisher channels.

21.     Counterclaim-Defendants nonetheless have accused as infringing their exclusive

rights of reproduction Counterclaim-Plaintiffs' scanning of books they lawfully purchased.

22.     To resolve the legal and factual questions raised by Counterclaim-Defendants and

to afford relief from the uncertainty and controversy that Counterclaim-Defendants' accusations

have precipitated, Counterclaim-Plaintiffs are entitled to a declaratory judgment that the

digitization of lawfully-purchased hard copy books for the ISCE Library data base is not an

infringement of any of Counterclaim-Defendants' rights of reproduction or other rights.

**Counterclaim Count II**

23.     Counterclaim-Plaintiffs incorporate and re-allege the allegations of paragraphs 1-

22 of these Counterclaims.

24.     Counterclaim-Plaintiffs are also privileged to use digital copies of their lawfully-purchased hard copies for inclusion within the EPI-Search facility for the ISCE Library for at least the archival, adaptation and maintenance uses provided under 17 U.S.C. § 117.

25.     Counterclaim-Plaintiffs' use of digital copies of their lawfully purchased hard copy books for the development and use of the EPI-Search facility is fair use for at least the following 17 U.S.C. § 107 considerations: (a) the use is transformative in developing and maintaining a new and particularly useful way to make sense of a relatively large subject-matter-specialized library across multiple publishers, advancing scholarly research; (b) the nature of the works is non-dramatic and scholarly such that the works are factual and ultimate research use tends to be limited to portions of the works; (c) the amount of the works used was necessary to support the developmental and subsequent search and research use; (d) any effects of the use on Counterclaim-Defendants' markets would be favorable to Counterclaim-Defendants who do not offer inter-book and inter-publisher similarity-searchable text, similarity search tools, or any reasonable substitute, while EPI-Search identifies relevant books that the researcher may purchase through publisher channels.

26.     Counterclaim-Defendants have accused as infringing their copyrights Counterclaim-Plaintiffs' operation of the ISCE Library, of which the EPI-Search facility is a key resource serving as a reference librarian and requiring maintenance with the full-text data base across the subject matter focus of the library.

27.     To resolve the legal and factual questions raised by Counterclaim-Defendants and to afford relief from the uncertainty and controversy that Counterclaim-Defendants' accusations have precipitated, Counterclaim-Plaintiffs are entitled to a declaratory judgment that the use of a digital copy of lawfully-purchased hard copy books for the development and use of the EPI-

Search facility is not an infringement of any of Counterclaim-Defendants' rights of reproduction or other rights.

## Counterclaim Count III

28.    Counterclaim-Plaintiffs incorporate and re-allege the allegations of paragraphs 1-27 of these Counterclaims.

29.    Counterclaim-Plaintiffs' providing ISCE members access to digitized books in the ISCE Library at AWS two user-selected pages (or one unique keyword-searched and highlighted page) at a time with only one user per book for two hours at a time is not public display.

30.    Even if it were public display, Counterclaim-Plaintiffs' providing ISCE members access to digitized books in the ISCE Library two pages at a time with only one user per book for two hours at a time is fair use for at least the following 17 U.S.C. § 107 considerations: (a) the use is transformative in providing access to a subject-matter-specialized library that can be searched in a new and particularly useful way across publishers with the EPI-Search engine (and pages and passages further identified), advancing scholarly research; (b) the nature of the works is non-dramatic and scholarly such that the works are factual and ultimate research use tends to be limited to portions of the work; (c) the amount of the works accessible is necessary to support browsing for ideas and for keyword searching within the identified work; (d) any effects of the use on Counterclaim-Defendants' markets would be favorable to Counterclaim-Defendants who do not offer inter-book and inter-publisher similarity-searchable text or any reasonable substitute, while EPI-Search identifies relevant books that the researcher may purchase through publisher channels.

31.    Even if it were public display, Counterclaim-Plaintiffs' providing ISCE members

access to digitized books in the ISCE Library two pages at a time with only one user per book for two hours at a time is a "virtual lending" of a copy of a lawfully-purchased book that is more restrictive than lending of physical copies and is *a fortiori* privileged under 17 U.S.C. §§ 108 (Library Use) and 109 (First Sale) and the federal common law of intellectual property exhaustion.

32.      Even if it were public display, Counterclaim-Plaintiffs' providing ISCE members access to digitized books in the ISCE Library two pages at a time with only one user per book for two hours at a time is privileged display under 17 U.S.C. § 110 (Certain Displays).

33.      Counterclaim-Defendants nonetheless have accused as infringing their exclusive rights of public display Counterclaim-Plaintiffs' providing ISCE members and licensees time- and image-limited access to the ISCE Library.

34.      To resolve the legal and factual questions raised by Counterclaim-Defendants and to afford relief from the uncertainty and controversy that Counterclaim-Defendants' accusations have precipitated, Counterclaim-Plaintiffs are entitled to a declaratory judgment that providing ISCE members and licensees access to digitized lawfully-purchased books in the ISCE Library two pages at a time with only one user per book for two hours at a time is not an infringement of any of Counterclaim-Defendants' rights of public display or other rights.

**Counterclaim Count IV**

35.      Counterclaim-Plaintiffs incorporate and re-allege the allegations of paragraphs 1-34 of these Counterclaims.

36.      Counterclaim-Plaintiffs' providing ISCE members the ability to manually highlight and copy and paste text from accessed digitized books on a page-by-page basis is not distribution.  Providing access without transferring a copy of a work is not distribution.

Allowing a researcher to manually copy text from a physical book is not distribution of the book; the researcher's use is an ordinary research privilege within the bounds of fair use.  Indeed, access on the ISCE Library interface is more restricted than ordinary lending of a physical book – and providing this restricted access with the ability, in essence, to take notes, is not distribution.

37.     Even if it were distribution, Counterclaim-Plaintiffs' providing ISCE members the ability to manually highlight and copy and paste text from accessed digitized books on a page-by-page basis is fair use for at least the following 17 U.S.C. § 107 considerations: (a) the use is transformative in allowing an ordinarily privileged research function that may be further used for an EPI-Search of a subject-matter-specialized library, advancing scholarly research; (b) the nature of the works is non-dramatic and scholarly such that the works are factual and the research use tends to be limited to portions of the works; (c) the amount of the works used is typically limited to portions relevant to the research and is substantially limited by the inconvenience of page-by-page manual highlighting, copying and pasting; (d) any effects of the use on Counterclaim-Defendants' markets would be favorable to Counterclaim-Defendants who do not offer a similarity search facility allowing and using clipped text or any reasonable substitute, and a researcher seeking relevant text either (i) would not buy the whole book just to read and quote a small portion of text or (ii) if inspired to read the whole book, identified by the EPI-Search, would buy the book in convenient/efficient reading format from publisher channels.

38.     Counterclaim-Defendants nonetheless have accused as infringing their exclusive rights of distribution Counterclaim-Plaintiffs' providing ISCE members and licensees the limited ability to clip text.

39.     To resolve the legal and factual questions raised by Counterclaim-Defendants and

to afford relief from the uncertainty and controversy that Counterclaim-Defendants' accusations have precipitated, Counterclaim-Plaintiffs are entitled to a declaratory judgment that providing ISCE members and licensees  the ability to manually highlight and copy and paste text from accessed digitized lawfully-purchased books on a page-by-page basis is not an infringement of any of Counterclaim-Defendants' rights of distribution or other rights.

PRAYER FOR RELIEF

WHEREFORE, Defendants-Counterclaim-Plaintiffs  pray for relief as follows:

A.  Dismiss the Complaint in its entirety, with prejudice, and with Plaintiffs recovering nothing;

B.  Enter judgment in favor of Defendants-Counterclaim-Plaintiffs and against Plaintiffs-Counterclaim-Defendants;

C.  Declare that the digitization of lawfully-purchased hard copy books for the ISCE Library data base is not an infringement of any of Plaintiffs-Counterclaim-Defendants' rights of reproduction or other rights;

D.  Declare that the use of a digital copy of lawfully-purchased hard copy books for the development and use of the EPI-Search facility is not an infringement of any of Plaintiffs-Counterclaim-Defendants' rights of reproduction or other rights;

E.  Declare that providing ISCE members and licensees access to digitized lawfully-purchased books in the ISCE Library two pages at a time with only one user per book for two hours at a time is not an infringement of any of Plaintiffs-Counterclaim-Defendants' rights of public display or other rights;

F.  Declare that providing ISCE members and licensees the ability to manually highlight and copy and paste text from accessed digitized lawfully-purchased books on a page-

by-page basis is not an infringement of any of Plaintiffs-Counterclaim-Defendants'

rights of distribution or other rights;

G.  Enter judgment  pursuant to 17 U.S.C. § 505 awarding Defendants-Counterclaim-

Plaintiffs  their costs and reasonable attorneys' fees, together with interest, including

prejudgment interest, thereon; and

H.  Grant such other and further relief as it may deem just and appropriate.

## DEMAND FOR A JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Counterclaim-Plaintiffs hereby demand a jury

trial on all issues so triable.

Dated: September 5,  2013

Respectfully submitted, Defendants,
INSTITUTE FOR THE STUDY OF
COHERENCE AND EMERGENCE, INC.
and MICHAEL R. LISSACK,
By their attorneys,
/s/ Stephen Y. Chow
Stephen Y. Chow, BBO# 082990
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
schow@burnslev.com
(617) 345-3000

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document is on this 5th day of September 2013 being served upon the
attorneys of record via the Court's ECF system. /s/ Stephen Y. Chow

4832-1270-3765.1