## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HARVARD BUSINESS SCHOOL PUBLISHING :
CORPORATION, JOHN WILEY & SONS, INC.,
and UNIVERSITY OF CHICAGO,                        :

                  Plaintiffs,    :

                                    Civil Action No. 1:13-CV-11450-GAO

      - against -                                 :

                                  **JURY TRIAL DEMANDED**

INSTITUTE FOR THE STUDY OF                    :
COHERENCE AND EMERGENCE, INC., and
MICHAEL R. LISSACK,                              :

                  Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATED PROTECTIVE ORDER REGARDING THE
## DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiffs-counterclaim-defendants HARVARD BUSINESS SCHOOL PUBLISHING

CORPORATION ("HBS Publishing"), JOHN WILEY & SONS, INC. ("Wiley"), and

UNIVERSITY OF CHICAGO ("U. of C."), collectively referred to herein as "Plaintiffs-

Counterclaim-Defendants" and Defendants-counterclaim-plaintiffs INSTITUTE FOR THE

STUDY OF COHERENCE AND EMERGENCE, INC. ("ISCE") and MICHAEL R. LISSACK

("Lissack"), collectively referred to herein as "Defendants-Counterclaim-Plaintiffs", anticipate

that documents, testimony, or information containing or reflecting confidential, proprietary,

trade secret, and/or commercially sensitive information are likely to be disclosed or produced

during the course of discovery, initial disclosures, and supplemental disclosures in this case

and request that the Court enter this Order setting forth the conditions for treating, obtaining,

and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.   **PURPOSES AND LIMITATIONS**

(a)   Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)   The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify the other Party that it is withdrawing or changing the designation.

2.   **DEFINITIONS**

(a)   "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)   "Outside Consultant" means an outside expert or consultant retained by a Party to assist in this action, who is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or

2

employee of a Party or of a competitor of a Party and who is not involved in competitive decision-making, on behalf of a Party or a competitor of a Party.

(c)     "Outside Counsel" means (i) an attorney representing a Party, such attorney not employed solely by a Party and its affiliates and (ii) partners, associates, and staff of such attorney to whom it is reasonably necessary to disclose the information for this litigation.

(d)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as provided for in this Order. Protected Material shall not include: (i) materials which, the Receiving Party can show, were generally known to the public or in the relevant industry at the time of disclosure, , or have become so known after disclosure (provided that if the latter occurs through the fault of the Receiving Party the Receiving Party shall nonetheless be in violation of this Order) ; (ii) materials that a Receiving Party can show were received by it, whether before or after the disclosure, from a source who, to the best knowledge of the Receiving Party, obtained the information lawfully and under no obligation of confidentiality to the Producing Party; (iii) materials that a Receiving Party can show were already in its possession at the time of disclosure, or were independently developed by it after the time of disclosure but without reference to material produced as Protected Material by the Producing Party; and (iv) materials that do not contain or reflect confidential, proprietary, and/or commercially sensitive information.

3

(g)     "Receiving Party" means any Party that receives Discovery Material from a Producing Party.

3.     **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.     **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Receiving Party from showing Protected Material to an individual who authored the Protected Material, provided that such individual agrees to abide by any existing obligation to keep confidential the Protected Material and further to limit disclosure or use of to that allowed under this Order any recollection refreshed through such showing.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or modification of this Order in any way,

4

including, without limitation, by an order that certain matter not be produced at all.

5.    **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    Basic Principles. All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function, without the written consent of the Producing Party. That is, Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)    Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(c)    Use of Own Material and Public Documents. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. No use by the Producing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information unless it causes such material to cease to be Protected Material as defined in this Order. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is not Protected Material within the meaning of this Order; (ii) if the same material was previously produced, disclosed and/or provided by the

5

Producing Party to the Receiving Party or a non-party without an obligation of confidentiality, the provisions of Paragraph 16 below do not apply, and the Receiving Party has not since the prior disclosure disseminated such material in a manner inconsistent with its ongoing confidentiality; (iii) with the consent of the Producing Party; or (iv) pursuant to order of the Court. In addition, the terms of the treatment of the Protected Information shall be effective only upon the effective date of this Order.

(d)     Disclosure to Author or Recipient.  Notwithstanding any other provision, nothing in this Order shall prohibit Outside Counsel for a party from disclosing Protected Information to any person whom the Discovery Material clearly identifies as an author, addressee, or carbon copy recipient of such Discovery Material.  In addition, regardless of its designation, if Discovery Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other portions of the document.

## 7.     **DESIGNATING PROTECTED MATERIAL**

(a)     Available Designations.  Any Producing Party may designate Discovery Material with any of the following designations (or substantially similar designations), provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(b)     Written Discovery Declarations, Pleadings, and Documents and Tangible Things.  Written discovery, declarations, pleadings, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to

6

or at the time of production, service or filing, as appropriate. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and/or mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)     Depositions and Testimony. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If indication on the record is made, each page of the designated testimony, and any exhibit on which a witness gives testimony, shall be treated in accordance with the terms of this Order, except that such designations must be reviewed and affirmed or modified within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until thirty (30) days after receipt of the transcript of the testimony. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective

7

Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, counsel taking the deposition, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

      (d)   Other Materials.

      (i)   All Protected Material not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth in Paragraph 7(b), shall be designated by informing the Receiving Party of the designation in writing, or by marking the file folder or container for such Protected Material. When documents are produced in electronic form, the Producing Party shall include the confidentiality designation on the medium containing the documents, including, without limitation, in the subject heading of an email transmitting the same.

      (ii)   To the extent the Receiving Party subsequently generates copies of this information, or prints documents from such medium, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations.

8

(e)     Changing the Designation of Discovery Material.     In the event the producing party desires to change the designation of Discovery Material that is produced from no designation to " CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or from one such designation to another, such party may do so by notice in writing specifically identifying the Discovery Material and furnishing a copy of such Discovery Material with the new designation. In such event, the Receiving Party shall thereafter treat such information with the new designation pursuant to this Order, as well as undertake a good faith effort to correct any treatment of the information inconsistent with the new designation.

(f)     Resolution of Disputes Regarding Designation.     The parties will use reasonable care in designating information as Protected Material. In the event that the party receiving Protected Material disagrees with the designation by the Designating Party, such a challenge shall be written, shall be served on counsel for the Producing Party and shall particularly identify the documents or information that the Receiving Party contends should be designated differently. The parties will engage in a good faith effort to try to resolve the dispute on an informal basis. If the parties are unable to resolve such a dispute informally within ten (10) days after meeting and conferring of counsel, the Receiving Party may apply to the Court for relief at any time. Any such disputed items shall be treated as originally designated by the Designating Party and subject to the protections of this Order unless and until the Court determines otherwise. Neither party shall be obligated to challenge the propriety of any designation, and failure to do so shall not constitute an admission that any item or information is in fact considered proprietary.

(g)     No Presumption of Protected Status.     This Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the

9

Federal Rules of Civil Procedure or this Court's inherent power. Nothing in this Order creates a presumption or implies that information designated as Protected Material actually constitutes a trade secret, is proprietary, or is otherwise protectable information. If a Receiving Party believes that any information is improperly designated under this Order, it may, at any time, contest such designation. Protected Information that is subject to such a dispute shall, until further order of this Court, be treated consistently with its designation by the Designating Party.

8.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information that warrants restriction from being available on the public record.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's Outside Counsel and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Decision-makers of the Receiving Party with a need to know for decision-making in this action who have agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

(iii)    Any Outside Consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such Outside Consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below.

10

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)     Any neutral who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)     Any other person with the prior written consent of the Producing Party.

9.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product

11

development information, engineering documents, testing documents, employee information, license (patent and non-patent) agreements and information, merger and acquisition activities and information, organizational charts, information obtained from a non-party pursuant to a current Non-Disclosure Agreement, and other non-public information of similar competitive and business sensitivity.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)    The Receiving Party's Outside Counsel and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    An Outside Consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such Outside Consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below.

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)    The Court, jury, and court personnel;

(v)    Graphics, translation, design, mock jurors, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vi)    Any neutral who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this

12

Protective Order; and

    (vii)  Any other person with the prior written consent of the Producing Party.

    (c)  Any person described in Paragraph 9(b)(ii) who accesses Protected Material of the Producing Party that is designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is thereafter barred from contributing to any consideration by Receiving Party of business or technology strategy (other than litigation of this case) which is related to such Protected Material, from the time of first access through the earlier of when the Protected Material ceases to be Protected Material under Paragraph 2(g) or two (2) years after final judgment is entered herein with no possibility of further appeal.

    10.  **NOTICE OF DISCLOSURE**

    Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(iii) or 9(b)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past and current employment and consulting relationships undertaken by the Person for the past five (5) years, including direct relationships and relationships through entities owned or controlled by the Person; (iv) an up-to-date curriculum vitae of the Person; (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years; and (vi) an executed a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).

    (a)  Within ten (10) days of receipt of the disclosure of the Person, the Producing Party may object in writing to the Person for good cause and identify with specificity the factual basis for its objection. In the absence of an objection at the end of the ten (10) day

13

period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period. If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(b) For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

## 11. **SUBPOENAS OR COURT ORDERS**

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena. The Producing Party shall have reasonable time (which shall be not less than ten (10) days) to object or take other appropriate steps to protect the information. However, nothing in this Order shall be construed as authorizing any person to disobey a lawful subpoena in another action.

14

12. **FILING PROTECTED MATERIAL**

(a)  Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, the Receiving Party may not file or disclose in the public record any Protected Material.

(b)  Any Party is authorized to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order. Any Protected Material that is filed with the Court shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Order. The Party filing any paper that reflects or contains any Protected Material shall comply with the Court's procedures for filing documents under seal.

13. **DISCLOSURE TO NECESSARY PERSONNEL AND OUTSIDE VENDORS**.

Disclosure of Protected Material may be made to court reporters, independent shorthand reporters, videographers, interpreters, or translators engaged for depositions or proceedings necessary to this case. Further, Protected Material may be made to employees of outside vendors providing copy services, document and exhibit preparation services, and jury consultant and research services, including mock jurors, or other counsel retained by the client or by counsel who have not entered an appearance in the lawsuit in connection with this case.

14. **DISCLOSURE DURING DEPOSITION.**

Except as otherwise approved by the Designating Party or by an order of this Court, a Party may use Protected Material in deposing only: (a) an individual who has had or who is eligible to have access to the Protected Material by virtue of their employment or other relationship with the Designating Party; (b) an individual identified in the Protected Material as an author, addressee, or carbon copy recipient of such information; (c) an individual who

although not identified as an author, addressee, or carbon copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material, or (d) an Outside Consultant. No one may attend or review the transcripts or the portions of any depositions at which Protected Material is shown or discussed other than those individuals qualified to see such Protected Material as set forth in this Protective Order.

15. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made within ten (10) days after the Producing Party learns of its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return to the Producing Party all copies of such Protected Material or Discovery Material that are subject to its control, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party. The Receiving Party shall immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Material. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.

(c) In the case of an inadvertently produced or disclosed document, the

16

Producing Party shall include the Discovery Material in a privilege log identifying such inadvertently produced or disclosed document. The Receiving Party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

(d)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and provide that information to the Court in any motion to compel production of the Discovery Material.

16.     **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such

17

Discovery Material before the Receiving Party receives the Protected Material with the correct confidentiality designation, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Furthermore, if the Receiving Party has since the inadvertent disclosure disseminated the Discovery Material in a manner inconsistent with its ongoing confidentiality and so advises the Producing Party in writing within 14 days of receiving notice under clause (a) above, the burden of proving that the Discovery Material in question should remain subject to this Order shall be upon the Producing Party. Subject to the foregoing, once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 16(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     A subsequent designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply only on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" from engaging in the activities set forth in Paragraph 6(a).

17.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and

18

circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

18.    **FINAL DISPOSITION**

(a)    Not later than sixty (60) days after the Final Disposition of this case, each Party shall destroy all Protected Material received from the opposing party or parties. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)    All Parties that have received any such Discovery Protected Material shall upon request certify in writing to the respective Outside Counsel of the Producing Party that all such materials have been destroyed. Notwithstanding the provisions for return of Protected Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) containing Protected Material for archival purposes. Any destruction obligations under this Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers, or other media that are created as a standard business practice for disaster recovery purposes and not used as reference materials in the ordinary course of a Receiving Party's business operations.

19.    **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)    Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)    Discovery of materials provided to testifying experts shall be limited to

19

those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery, except communications concerning an expert's compensation, unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)     Materials, communications, and other information exempt from discovery under foregoing Paragraphs 19(a)-(c) shall be treated as attorney work product for the purposes of this litigation and Order.

20.     **MISCELLANEOUS**

(a)     Continuing Jurisdiction. After the conclusion of the above-captioned case or cases between the same parties, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the Parties and any other person who has had access to Protected Material pursuant to this Order, in order to enforce the provisions of this Order.

(b)     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

20

(c)     Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(d)     Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(e)     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(f)     Burdens of Proof. Except as expressly provided above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential or otherwise protectable information, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(g)     Interpretation. Should the parties have any issues concerning the interpretation of this Order, before any party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute. The headings used in this Order

21

are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

(h)     Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. This Order may further be modified by mutual written agreement between the parties and this Court's approval of such agreement. Any party may petition the Court for good cause shown if the party desires relief from a term or condition of this Order. The United States District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Massachusetts.

(i)     No Probative Value. The Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information. The fact that information is designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually be "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." This Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the party complies with the procedures set forth herein. The fact that any information is disclosed, used, or produced in any court proceeding in this case or cases between the same parties or Related Entities shall not be offered in any action proceeding before

22

any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary

        (j)    Discovery Rules Remain Unchanged. With the exception of Paragraph 19(c) regarding communications between counsel and any testifying or consulting expert, nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, or the Court's own orders.

        (k)    Logging of Privileged Materials. The Parties agree that the privilege logs need not identify attorney-client communications to/from, or attorney work product created by, each Party's Outside Counsel.

**SO STIPULATED:**

Dated: December 23, 2013

                                    Plaintiffs-Counterclaim-Defendants
                                    HARVARD BUSINESS SCHOOL
                                    PUBLISHING CORPORATION,
                                    WILEY & SONS, INC. and.
                                    UNIVERSITY OF CHICAGO,
                                    By their attorneys,

                                    /s/ William S. Strong by Stephen Y. Chow
                                    William S. Strong, BBO# 483520
                                    KOTIN, CRABTREE & STRONG, LLP
                                    One Bowdoin Square
                                    Boston, MA 02114
                                    wstrong@kcslegal.com
                                    (617) 227-7031

Dated: December 23, 2013

Defendants-Counterclaim-Plaintiffs
INSTITUTE FOR THE STUDY OF
COHERENCE AND EMERGENCE, INC.
and MICHAEL R. LISSACK,
By their attorneys,

/s/ Stephen Y. Chow
Stephen Y. Chow, BBO# 082990
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
schow@burnslev.com
(617) 345-3000

**SO ORDERED.**

Dated: January 2, 2014

Hon. George A. O'Toole, U.S.D.J.

24